UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EARL JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-3882** |
| **JEFFERY TRAVIS, WARDEN** | **SECTION "I"(1)** |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely .

### PROCEDURAL HISTORY

On November 17, 1997, petitioner, Earl Johnson, a prisoner incarcerated in Rayburn Correctional Institute, pled guilty to the charge of armed robbery.[1] On March 23, 1998, petitioner was sentenced to thirty years incarceration without benefit of parole, probation or suspension of sentence.[2] However, the actual judgment of sentence of March 23, 1998 imposing the thirty year

---

[1] State rec., vols. 2 and 3 of 3.

[2] State rec., vol. 1 of 3, pp. 37-46.

sentence without benefit of probation, parole or suspension of sentence was not entered by the district court until December 4, 1998.[3]

On April 17, 1998, before the judgment of sentence was entered, petitioner filed a motion to reconsider his sentence, arguing that his 30-year sentence was unconstitutionally excessive.[4] On July 22, 1998, the district court conducted a hearing in connection with petitioner's motion to reconsider, following which the court denied petitioner's motion.[5]

On September 25, 1998, petitioner filed a motion to appeal which was granted by the district court.[6] On December 30, 1998, petitioner appealed the denial of his motion to reconsider his sentence.[7] On January 5, 1999, the Louisiana First Circuit Court of Appeal dismissed petitioner's appeal as untimely, but advised petitioner that he could "seek an out-of-time appeal by application of post-conviction relief." State v. Johnson, No. 98-KA-2790 (La. App. 1 Cir. Jan. 5, 1999).[8]

On April 1, 1999, petitioner filed a motion for production of guilty plea and sentencing transcripts, asserting his need for those materials in order to file his application for post-conviction

---

[3]State rec., vol. 1 of 3, p. 62. The original minutes of the sentencing ordered that the judgment of sentence was to be prepared by the State. See minutes entered December 1, 1998. State rec., vol. 2 of 3, attachment 2D to appellate brief filed on December 20, 1998.

[4]State rec., vol. 1 of 3, pp. 35-36.

[5]State rec., vol. 1 of 3, pp. 57-60.

[6]State rec., vol. 1 of 3, pp. 53-54.

[7]Copies of petitioner's appeal brief are contained in the State rec., vols. 1 and 2 of 3.

[8]State rec., vol. 2 of 3. The Louisiana Supreme Court, on June 23, 2000, affirmed the state appellate court's January 5, 1999 ruling. See State ex rel. Johnson v. State, 1999-KH-3582, 765 So.2d 353 (La. 2000).

relief.[9]  The motion was denied by the trial court by order entered on April 7, 1999.[10]  By motion filed on June 22, 1999, petitioner requested production of the entire file of the District Attorney in order to assist him in filing his application for post-conviction relief.[11]  On August 12, 1999, petitioner filed a motion for an out-of-time appeal of the denial of his motion to reconsider sentence, which was granted on September 3, 1999.[12]

On April 27, 2000, petitioner filed a motion for production of the "transcript of Boykin examination, verbatim copy."[13]  On April 28, 2000, the district court directed that the clerk was to provide the defendant with a free copy of his Boykin transcript.

On May 26, 2000, petitioner wrote to the Clerk of the District Court and requested a copy of his sentencing transcript,[14] which was forwarded to him by the Clerk of Court on June 19, 2000.[15]

On September 22, 2000, the Louisiana First Circuit Court of Appeal, pursuant to petitioner's out-of-time appeal, affirmed petitioner's conviction and sentence, specifically finding that petitioner pled guilty pursuant to a plea agreement with a specified cap of forty years at hard labor without benefit of parole, probation, or suspension and, since he was sentenced within the range of his plea

---

[9] State rec., vol. 2 of 3, pp. 64-65.

[10] State rec., vol. 2 of 3, pp. 67-68.  It appears that the requested documents were delivered to petitioner on May 25, 1999 as certified by the Warden of the Louisiana State Penitentiary.  State rec., vol. 2 of 3, p. 69.

[11] State rec., vol. 2 of 3, p. 71.  The motion was denied by order of the district court entered on June 29, 1999.  State rec., vol. 2 of 3, pp. 78-79.

[12] State rec., vol. 2 of 3, pp. 80-81.

[13] State rec., vol. 2 of 3.

[14] State rec., vol. 2 of 3.

[15] State rec., vol. 2 of 3.

agreement, he was precluded from seeking review of his sentence. State v. Johnson, No. 99-KA-2736 (La. App. 1 Cir. Sept. 22, 2000).[16] Petitioner did not file a writ application with the Louisiana Supreme Court in connection with the appellate court's September 22, 2000 adverse decision.

On June 10, 2005, petitioner filed a motion for clarification of sentence with the district court,[17] which was denied by the trial court for lack of subject matter jurisdiction on June 20, 2005.[18]

On January 26, 2006, petitioner filed a second motion for an out-of-time appeal in order to attack his 30-year sentence.[19] Thereafter, on October 25, 2006, petitioner filed his substantive motion to correct an illegal sentence, arguing that the trial court failed to take into account mitigating factors such as his young age, the fact that he was adversely influenced by an older accomplice, the fact that no weapons were fired, and the fact that his mental state was "highly questionable".[20] On November 14, 2006, the state district court denied petitioner's motion to correct an illegal sentence.[21] On February 21, 2007, the Louisiana First Circuit Court of Appeal likewise denied petitioner relief in connection with his motion to correct an illegal sentence. State v. Johnson, No. 2007-KW-0063, (La. App. 1 Cir. 2007).[22] On December 7, 2007, the Louisiana Supreme Court, based upon La.C.Cr.P. art. 930.8 and La.C.Cr.P. art. 930.3 and supporting case law,

---

[16] State rec., vol. 2 of 3.

[17] State rec., vol. 3 of 3.

[18] Id.

[19] State rec., vol. 3 of 3.

[20] Id.

[21] Id.

[22] Id.

denied petitioner's writ application as untimely and as not asserting valid grounds for relief. State ex rel. Johnson v. State, No. 2007-KH-0600, 969 So.2d 621 (La. 2007).[23] On February 15, 2008, the state high court denied petitioner's motion for reconsideration. State ex rel. Johnson v. State, No. 2007-KH-0600, 976 So.2d 168 (La. 2008).[24]

On February 22, 2008, petitioner filed a motion for new trial which was denied on February 26, 2008.[25] On April 10, 2008, the court denied petitioner's motion for reconsideration.[26] On June 26, 2008, petitioner wrote to the district court clerk and asked whether he had ever filed an application for post-conviction relief.[27] On June 30, 2008, the clerk of court responded that it had no record of any application for post-conviction relief being filed.[28]

On May 19, 2008, petitioner filed the instant federal habeas corpus application. In its opposition memorandum, the State contends that petitioner's habeas application is subject to dismissal because it is time-barred. For the following reasons, the court agrees.

**ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one

---

[23] Id.

[24] Id.

[25] State rec., vol. 3 of 3.

[26] Id.

[27] State rec., vol. 3 of 3.

[28] Id.

year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[29]  See 28 U.S.C. § 2244(d)(1) (West 2008), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.  In this case, petitioner's judgment of sentence of March 23, 1998 was not entered until December 4, 1998.  From entry of the judgment, petitioner had five days within which to file a motion for an appeal in connection with his armed robbery conviction and thirty year sentence.  See La. Code Crim. P. Art. 914.[30]  Petitioner did not file an appeal within this five day period and, as such, petitioner's conviction and sentence were rendered final on or about December 9, 1998.

Petitioner did not file the instant action until May 19, 2008, over nine years after his limitation period expired.  Thus, petitioner's federal habeas corpus application must be dismissed as untimely unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2).  Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

On September 25, 1998, petitioner filed a motion to appeal which was granted by the district court and, on December 30, 1998, petitioner filed his actual appeal.  On January 5, 1999, the Louisiana First Circuit Court of Appeal dismissed petitioner's appeal as untimely.  As petitioner's appeal was untimely, it did not trigger the tolling provisions of § 2244(d)(2).  See Butler v. Cain,

---

[29]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

[30]Pursuant to Acts 2003, No. 949, §1, La.C.Cr.P. art. 914 was amended to provide defendants with thirty days within which to timely appeal their conviction and/or sentence.

533 F.3d 314, 317-320 (5th Cir. 2008) (one-year time limit commenced running when time to seek review expired; untimely application for further review did not toll prescription).[31]

On April 1, 1999, petitioner filed a motion for production of guilty plea and sentencing transcripts and, on June 22, 1999, petitioner requested production of the District Attorney's file. Neither of these pleadings are sufficient for the purpose of interrupting prescription. See Boyd v. Ward, 2001 WL 533221, *4 (E.D. La. May 15, 2001) ("Although Boyd had, in the interim, litigated his entitlement to a free copy of his guilty plea and sentencing transcript through the state court system, the Court does not believe that those proceedings qualify as '...application[s] for State post-conviction or other collateral review...' so as to toll the limitation period under § 2244(d)(2) because they were preliminary in nature and did not directly call into question the validity of Boyd's conviction or sentences.")  See also Brisbon v. Cain, No. 99-3078, 2000 WL 45872, *2 (E.D. La. Jan. 18, 2000).

On August 12, 1999, petitioner filed a motion for an out-of-time appeal which was granted on September 3, 1999.[32]  An out-of-time appeal is a collateral review proceeding which, under the provisions of § 2244(d)(2), suspends the running of prescription, but does not restart the one-year statute of limitations. See Salinas v. Dretke, 354 F.3d 425, 430 (5th Cir.), cert. denied, 541 U.S. 1032, 124 S.Ct. 2099, 158 L.Ed.2d 714 (2004); Soileau v. Cain, 2005 WL 1629945, *3-4 (W.D. La. July 07, 2005).  Accordingly, on August 12, 1999, prescription ceased to run.  At that point, approximately eight months of petitioner's twelve-month statute of limitations had expired.

---

[31]In addition to being untimely, petitioner's appeal was seemingly also invalid since he filed his motion to appeal prior to the time his judgment of sentence was actually entered on December 4, 1998.

[32]This is the only state court collateral review sought by petitioner.

Petitioner's out-of-time appeal remained pending before the Louisiana First Circuit Court of Appeal and, therefore, continued to interrupt prescription until September 22, 2000, when the state appellate court denied petitioner relief. At that point, under La. Supreme Court Rule X, Section 5(a), petitioner had thirty days to seek relief, via the filing of a writ application, with the Louisiana Supreme Court. Petitioner, however, failed to file a writ application with the state high court and prescription once again commenced to run.

Petitioner, on June 10, 2005, filed with the state district court a motion for clarification of sentence. By that time petitioner's one-year habeas prescriptive period had expired. As no facts have been presented warranting the application of equitable tolling, a doctrine that applies in rare and exceptional circumstances and principally where the petitioner has been actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights, Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), it will be recommended that petitioner's federal habeas corpus application be dismissed with prejudice.

Accordingly;

## RECOMMENDATION

For the foregoing reasons, it is hereby recommended that the application for federal habeas corpus relief filed by petitioner, Earl Johnson, be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 19th day of December, 2008.

                                            SALLY SHUSHAN
                                            United States Magistrate Judge