UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EARL JOHNSON                                              CIVIL ACTION

VERSUS                                                    NO. 08-3882

JEFFERY TRAVIS, WARDEN                                    SECTION "I"(1)

## AMENDED REPORT AND RECOMMENDATION

On December 19, 2008, the undersigned issued a Report and Recommendation (rec. doc. 12) recommending that the above-captioned habeas corpus petition be dismissed with prejudice as untimely. In reaching this decision the court relied, in part, upon the United States Fifth Circuit Court of Appeal's opinion in Salinas v. Dretke, 354 F.3d 425, 430 (5th Cir.), cert. denied, 541 U.S. 1032, 124 S.Ct. 2099, 158 L.Ed.2d 714 (2004). On January 13, 2009, the United States Supreme Court issued an opinion, Jimenez v. Quarterman, 2009 WL 63833 (2009), effectively abrogating the Fifth Circuit's opinion in Salinas. This matter has been remanded to the undersigned for reconsideration in light of the United States Supreme Court's opinion in Jimenez.[1]

Upon review of the entire record, and having taken into account the Supreme Court's decision in Jimenez, the court has determined that this matter can be disposed of without an

---

[1] Rec. doc. 16.

evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely .

**PROCEDURAL HISTORY**

On November 17, 1997, petitioner, Earl Johnson, a prisoner incarcerated in Rayburn Correctional Institute, pled guilty to the charge of armed robbery.[2] On March 23, 1998, petitioner was sentenced to thirty years incarceration without benefit of parole, probation or suspension of sentence.[3] However, the actual judgment of sentence of March 23, 1998 was not entered by the district court until December 4, 1998.[4]

On April 17, 1998, before the judgment of sentence was entered, petitioner filed a motion to reconsider his sentence, arguing that his 30-year sentence was unconstitutionally excessive.[5] On July 22, 1998, the district court conducted a hearing in connection with petitioner's motion to reconsider, following which the court denied petitioner's motion.[6]

On September 25, 1998, petitioner filed a motion to appeal which was granted by the district court.[7] On December 30, 1998, petitioner appealed the denial of his motion to reconsider his

---

[2] State rec., vols. 2 and 3 of 3.

[3] State rec., vol. 1 of 3, pp. 37-46.

[4] State rec., vol. 1 of 3, p. 62. The original minutes of the sentencing ordered that the judgment of sentence was to be prepared by the State. See minutes entered December 1, 1998. State rec., vol. 2 of 3, attachment 2D to appellate brief filed on December 20, 1998.

[5] State rec., vol. 1 of 3, pp. 35-36.

[6] State rec., vol. 1 of 3, pp. 57-60.

[7] State rec., vol. 1 of 3, pp. 53-54.

sentence.[8] On January 5, 1999, the Louisiana First Circuit Court of Appeal dismissed petitioner's appeal as untimely, but advised petitioner that he could "seek an out-of-time appeal by application of post-conviction relief." State v. Johnson, No. 98-KA-2790 (La. App. 1 Cir. Jan. 5, 1999).[9]

On April 1, 1999, petitioner filed a motion for production of guilty plea and sentencing transcripts, asserting his need for those materials in order to file his application for post-conviction relief.[10] The motion was denied by the trial court by order entered on April 7, 1999.[11] By motion filed on June 22, 1999, petitioner requested production of the entire file of the District Attorney in order to assist him in filing his application for post-conviction relief.[12] On August 12, 1999, petitioner filed a motion for an out-of-time appeal of the denial of his motion to reconsider sentence, which was granted on September 3, 1999.[13]

---

[8] Copies of petitioner's appeal brief are contained in the State rec., vols. 1 and 2 of 3.

[9] State rec., vol. 2 of 3. The Louisiana Supreme Court, on June 23, 2000, affirmed the state appellate court's January 5, 1999 ruling. See State ex rel. Johnson v. State, 1999-KH-3582, 765 So.2d 353 (La. 2000).

[10] State rec., vol. 2 of 3, pp. 64-65.

[11] State rec., vol. 2 of 3, pp. 67-68. It appears that the requested documents were delivered to petitioner on May 25, 1999 as certified by the Warden of the Louisiana State Penitentiary. State rec., vol. 2 of 3, p. 69.

[12] State rec., vol. 2 of 3, p. 71. The motion was denied by order of the district court entered on June 29, 1999. State rec., vol. 2 of 3, pp. 78-79.

[13] State rec., vol. 2 of 3, pp. 80-81.

On April 27, 2000, petitioner filed a motion for production of the "transcript of Boykin examination, verbatim copy."[14] On April 28, 2000, the district court directed that the clerk was to provide the defendant with a free copy of his Boykin transcript.

On May 26, 2000, petitioner wrote to the Clerk of the District Court and requested a copy of his sentencing transcript,[15] which was forwarded to him by the Clerk of Court on June 19, 2000.[16]

On September 22, 2000, the Louisiana First Circuit Court of Appeal, pursuant to petitioner's out-of-time direct appeal, affirmed petitioner's conviction and sentence, specifically finding that petitioner pled guilty pursuant to a plea agreement with a specified cap of forty years at hard labor without benefit of parole, probation, or suspension and, since he was sentenced within the range of his plea agreement, he was precluded from seeking review of his sentence. State v. Johnson, No. 99-KA-2736 (La. App. 1 Cir. Sept. 22, 2000).[17] Thereafter, petitioner did not apply for rehearing nor did he seek review with the Louisiana Supreme Court. Thus, under the provisions of La.C.Cr.P. art. 922, the state appellate court's decision affirming petitioner's conviction and sentence became final fourteen days later, on October 6, 2000, when the delay for applying for rehearing expired.[18]

---

[14]State rec., vol. 2 of 3.

[15]State rec., vol. 2 of 3.

[16]State rec., vol. 2 of 3.

[17]State rec., vol. 2 of 3.

[18]La.C.Cr.P. art. 922 provides, in pertinent part, as follows:
  A. Within fourteen days of rendition of the judgment of the supreme court or any appellate court, ... a party may apply to the appropriate court for a rehearing....
  B. A judgment rendered by the supreme court or other appellate court becomes final when the delay for applying for a rehearing has expired and no

4

Further, petitioner's time for seeking review in connection with the state appellate court's rejection of his out-of-time direct appeal ended October 22, 2000, when his thirty day time limit for seeking relief from the Louisiana Supreme Court expired.[19]

On June 10, 2005, petitioner filed a motion for clarification of sentence with the district court,[20] which was denied by the trial court for lack of subject matter jurisdiction on June 20, 2005.[21]

On January 26, 2006, petitioner filed a second motion for an out-of-time appeal in order to attack his 30-year sentence.[22] Thereafter, on October 25, 2006, petitioner filed his substantive motion to correct an illegal sentence, arguing that the trial court failed to take into account mitigating factors such as his young age, the fact that he was adversely influenced by an older accomplice, the fact that no weapons were fired, and the fact that his mental state was "highly questionable".[23] On November 14, 2006, the state district court denied petitioner's motion to correct an illegal sentence.[24] On February 21, 2007, the Louisiana First Circuit Court of Appeal likewise

---

application therefor has been made.

[19]La. Supreme Court Rule X, Section 5(a) provides, in pertinent part:
    An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal....

[20]State rec., vol. 3 of 3.

[21]Id.

[22]State rec., vol. 3 of 3.

[23]Id.

[24]Id.

denied petitioner relief in connection with his motion to correct an illegal sentence. State v. Johnson, No. 2007-KW-0063, (La. App. 1 Cir. 2007).[25] On December 7, 2007, the Louisiana Supreme Court, based upon La.C.Cr.P. art. 930.8 and La.C.Cr.P. art. 930.3 and supporting case law, denied petitioner's writ application as untimely and as not asserting valid grounds for relief. State ex rel. Johnson v. State, No. 2007-KH-0600, 969 So.2d 621 (La. 2007).[26] On February 15, 2008, the state high court denied petitioner's motion for reconsideration. State ex rel. Johnson v. State, No. 2007-KH-0600, 976 So.2d 168 (La. 2008).[27]

On February 22, 2008, petitioner filed a motion for new trial which was denied on February 26, 2008.[28] On April 10, 2008, the court denied petitioner's motion for reconsideration.[29] On June 26, 2008, petitioner wrote to the district court clerk and asked whether he had ever filed an application for post-conviction relief.[30] On June 30, 2008, the clerk of court responded that it had no record of any application for post-conviction relief being filed.[31]

---

[25] Id.

[26] Id.

[27] Id.

[28] State rec., vol. 3 of 3.

[29] Id.

[30] State rec., vol. 3 of 3.

[31] Id.

On May 19, 2008, petitioner filed the instant federal habeas corpus application. In its opposition memorandum, the State contends that petitioner's habeas application is subject to dismissal because it is time-barred. For the following reasons, the court agrees.

**ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (West 2008). In the instant matter, petitioner's judgment became final on October 6, 2000, when the fourteen-day deadline for seeking rehearing expired in connection with the state appellate court's rejection of his out-of-time direct appeal. Petitioner's time for seeking review of his appeal ended on October 22, 2000, when his 30-day time limit expired. See Jimenez v. Quarterman, 2009 WL 63833, *5 (2009), quoting 28 U.S.C. § 2244(d)(1)(A) ("'[T]he date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review' must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal."). Thus, petitioner had one year from October 22, 2000, until October 22, 2001, to timely seek federal habeas corpus relief. Petitioner did not file the instant action until May 19, 2008, over six years after his limitation period expired. Thus, petitioner's federal habeas corpus application must be dismissed as untimely unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction

or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

On June 10, 2005, petitioner filed with the state district court a motion for clarification of sentence. By that time, however, petitioner's one-year limitation period had expired. As no facts have been presented warranting the application of equitable tolling, a doctrine that applies in rare and exceptional circumstances and principally where the petitioner has been actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights, Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), it will be recommended that petitioner's federal habeas corpus application be dismissed with prejudice. Accordingly;

## RECOMMENDATION

For the foregoing reasons, it is hereby recommended that the application for federal habeas corpus relief filed by petitioner, Earl Johnson, be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this twenty-first day of January, 2009.

                                                    SALLY SHUSHAN
                                                    United States Magistrate Judge